

**U.S. Department of Justice**

Environment and Natural Resources Division

Christopher L. Hale

---

*Environmental Crimes Section*  *Telephone (202) 305-0321*
*601 D Street NW*  *Facsimile (202) 305-0396*
*Suite 2306*
*Washington, DC 20004*

April 13, 2012

Mr. Herb V. Larson, Jr.
Attorney at Law
700 Camp Street
New Orleans, LA 70130

```
U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    MAY 2 3 2012

LORETTA G. WHYTE
       CLERK
```

Re:   *United States v. Cedyco Corporation*
      Criminal Docket No. 12-167 A/3

Dear Mr. Larson:

In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the U.S. Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the U.S. Department of Justice ("Government") wish to acknowledge the following agreement between the Government and Cedyco Corporation ("Cedyco"), the defendant, in the above-referenced proceeding. As Cedyco's counsel, you have reviewed the terms of this agreement and have been advised by the defendant that the defendant fully understands the terms of this agreement. In addition, as attorney for Cedyco, you represent that you have the authority to enter into this Plea Agreement and appear at arraignment and sentencing on behalf of Cedyco. Such authority is evidenced by the Cedyco corporate resolution attached hereto. Additionally, the defendant agrees to be charged by a Bill of Information and agrees that if deemed necessary, through its agent, it will execute a waiver of indictment by grand jury.

The Government intends to file a misdemeanor Bill of Information charging the defendant with three counts of violating the Clean Water Act by negligently discharging harmful quantities of oil into the navigable waters of the United States in violation of 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3). Cedyco understands that as an organizational defendant the maximum penalty for each offense is $200,000, or, if greater, a fine of the greater of twice the gross gain to the defendant or twice the gross loss to any person under 18 U.S.C. § 3571.

Further, the defendant understands that a mandatory special assessment fee of $125.00 per count, totaling $375.00, shall be imposed under the provisions of 18 U.S.C. § 3013(a)(1)(B)(iii). This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the Plea Agreement being void.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the agreement made between the Government and Cedyco, the Government and the defendant agree and stipulate to the following plea and sentence applicable to this case:

(1) The defendant shall plead guilty to the three count Bill of Information charging Cedyco with violating the Clean Water Act by negligently discharging harmful quantities of oil into the navigable waters of the United States in violation of 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3). The facts constituting these violations shall be more thoroughly described in a mutually acceptable Joint Factual Basis submitted herewith.

(2) In exchange for the defendant's guilty plea, the Government agrees that it will not bring any other criminal charges against the defendant arising from or related to any and all conduct, known to the Government at the time of the execution of this Plea Agreement, that occurred in the Eastern District of Louisiana and that concerned hydrocarbon extraction or storage during the period January 1, 2005 through January 1, 2012. Cedyco agrees and understands that this Plea Agreement is only binding on the United States Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the United States Department of Justice and does not bind any other federal, state, or local prosecuting authority, including, but not limited to, the United States Attorney's Office for the Western District of Louisiana and the State of Louisiana. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil, administrative, or tax liability to any individual, legal entity, or the United States, including, but not limited to, the U.S. Environmental Protection Agency, U.S. Coast Guard, Oil Spill Liability Trust Fund, or the State of Louisiana. Defendant hereby forever waives, and is estopped from, any argument against any governmental litigant that any fine, penalty, judgment, or cost recovery liability owed by Cedyco for spill response, oil cleanup, or environmental monitoring or remediation that occurred within Louisiana is subject to set off or offset for expenditures made by Cedyco or hydrocarbon products recovered from Cedyco.

(3) CRIMINAL FINE: Cedyco shall pay a criminal fine of five hundred and fifty seven thousand dollars ($557,000). Unless the defendant avails itself of the phased payment option, the entire fine shall be deposited with the Clerk of Court at sentencing.

(4) OIL SPILL LIABILITY TRUST FUND: Pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8), each criminal fine payment shall be promptly deposited into the Oil Spill Liability Trust Fund. The Clerk of Court shall direct fine payments to the Oil Spill Liability Trust Fund, c/o U.S. Coast Guard Finance Center, Attn: Accounts Receivable & Collections, 1430-A Kristina Way, Chesapeake, VA 23326-0002.

(5) PHASED PAYMENT OPTION: Cedyco shall have the option of availing itself of phased payments if it declares its intention to do so at least 48 hours prior to the plea hearing in this matter. Phased payments shall be made according to the following schedule: $200,000 of the fine is due at sentencing, $200,000 is due within six months of sentencing, and the remainder of the fine, including interest, is due within eleven months of sentencing. In order to utilize the phased payment option, Cedyco must provide adequate security worth at least $600,000 no later than 10 days prior to the sentencing hearing. Such security shall be proposed and described in detail to the Government no later than 45 days prior to sentencing. The judgment as to whether the security is "adequate" shall be in the sole and exclusive discretion of the Government. The defendant shall pay any appraisal costs associated with assessing the value of the proposed security. The failure to provide adequate security or to comply with this paragraph's provisions shall result in the inability of Cedyco to pay its fine utilizing phased payments.

(6) INTEREST ON UNPAID FINE: Unless otherwise ordered by the Court, any portion of the criminal fine unpaid as of sentencing shall accrue interest at the rate specified in 18 U.S.C. § 3612(f)(2). Notwithstanding any other provision of 18 U.S.C. § 3612, Cedyco agrees that interest shall begin to accrue on any unpaid fine balance on the day following sentencing. Otherwise, the provisions regarding collection, interest, and penalties set forth in 18 U.S.C. §§ 3572(h), 3571(i), and 3612 shall apply, but not to the prejudice of any other remedy of the Government. Such remedies include, in the case of failure to make a scheduled fine payment on time, immediate (i) revocation of probation and (ii) Government action to sell, auction, take possession of, or liquidate the security.

(7) As set forth above, the defendant must pay a special assessment fee of $375.00, which is due at sentencing;

(8) Cedyco shall be placed on organizational probation, starting from the date of sentencing and lasting a term of one (1) year. There are three special conditions of probation:

  (a) Cedyco shall immediately cease all hydrocarbon business and operations within Louisiana.

  (b) Cedyco shall divest itself of any and all interest in the hydrocarbon business that operates in Louisiana no later than 30 days after sentencing.

  (c) If Cedyco avails itself of the phased payment option, then it shall make timely payments according to the schedule set forth in numbered paragraph (5) above. This special condition of probation is independent from any other payment enforcement mechanism available to the Government.

(9) Restitution is not applicable to the instant criminal case.

The parties have entered into this agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the Plea Agreement, then Cedyco and the Government will both have the right to withdraw from the Plea Agreement.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives its rights to appeal from both the conviction and the sentence, including but not limited to any appeal rights conferred by 28 U.S.C. § 1291 and by 18 U.S.C. § 3742. The defendant further waives the right to contest the conviction and/or the sentence in any collateral proceeding, including proceedings brought under 28 U.S.C. §§ 2241, 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", 18 U.S.C. § 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith.

This Plea Agreement shall bind the defendant and its subsidiaries and affiliates. No change in name, change in corporate or individual control, business reorganization, bankruptcy, change in ownership, merger, change in legal status, sale or purchase of assets, or similar action shall alter or diminish the defendant's obligations under this Plea Agreement. Defendant further agrees that it will not engage in any business reorganization, transfer of ownership, corporate dissolution, or other business practice in order to avoid the obligations set forth in this Plea Agreement.

The Defendant agrees that the criminal fine and special assessment are not dischargeable in bankruptcy or an insolvency proceeding and that the defendant will not seek or cause to be sought a discharge or finding or dischargeability as to the criminal fine and special assessment.

     The defendant understands that the arrangement set forth above represent defendant's entire agreement with the Government. There are not any other agreements, letters, side deals, or notations that will affect this Plea Agreement.

Very truly yours,

_____
CHRISTOPHER L. HALE
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

_____
DOROTHY MANNING TAYLOR
Assistant United States Attorney
U.S. Attorney's Office for the Eastern District of Louisiana

_____
HERB V. LARSON, JR.
Attorney for the defendant

_____
LANCE W. DREYER
President of Cedyco Corporation

5/23/2012
Date

5-14-12
Date